UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HORTENSE CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CV1350 CDP |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on the motion to dismiss of defendants Robert Caposki, Cynthia Hurley, Nancy Yonkers, Women's Eastern Reception Diagnostic and Correctional Center (WERDCC) and the Missouri Department of Corrections. Defendants contend that plaintiff's claims against the Missouri Department of Corrections and Women's Eastern Reception Diagnostic and Correctional Center are barred by the Eleventh Amendment, and that plaintiff's entire complaint should be dismissed for failure to state a claim. Except as noted below, the motion will be denied.

### **Background Facts**

As alleged in the complaint, plaintiff, a former Missouri prisoner, injured her knee while she was working in WERDCC's work release program. She was treated

by the prison doctor, who recommended to the defendants that plaintiff be given total knee replacement surgery. Defendants declined the doctor's recommendation and instead sent plaintiff to three orthopaedic surgeons for evaluation. All of the specialists agreed that plaintiff needed the surgery. Despite repeated requests from their own physician and recommendations from three specialists, defendants refused plaintiff the surgery. Plaintiff was later released from prison and underwent total knee replacement surgery in 2004.

Plaintiff's complaint alleges that defendants denied her medical treatment, that this denial was deliberately indifferent to her serious medical needs, and that defendants' actions violated her constitutional rights under the Fourth, Eighth and Fourteenth Amendments. Plaintiff asserts violations of 42 U.S.C. § 1981 and § 1988, as well as Missouri common law. In addition to plaintiff's claims against WERDCC and the Missouri Department of Corrections, the complaint also names WERDCC wardens Caposki, Hurley and Yonkers, former director of the Missouri Department of Corrections Dora Schirio and John Doe "LL"[1] as defendants.

---

[1] Plaintiff has yet to obtain service on defendants Schirio and John Doe "LL," and her time for doing so has expired. For this reason, the Court is issuing a separate Order to Show Cause why plaintiff's claims against these defendants should not be dismissed for failure to obtain timely service.

## Discussion

### I. Eleventh Amendment Immunity

Defendants are correct that plaintiff's claims against WERDCC and the Missouri Department of Corrections are barred by the Eleventh Amendment. Generally, "in the absence of consent a suit in which the State or one of its agencies or departments is named is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). The Eleventh Amendment bar to suit brought against states and their agencies applies both to suits for damages and suits for injunctive relief. Pennhurst, 465 U.S. at 100-01. Because the Missouri Department of Corrections and WERDCC are agencies of the State of Missouri, the Eleventh Amendment bars plaintiff's claims against them. See Singletary v. Missouri Department of Corrections, 423 F.3d 886, 890 (8th Cir. 2005). Therefore, defendants' motion to dismiss WERDCC and the Missouri Department of Corrections will be granted.

### II. Failure to State a Claim

The individual defendants also argue that plaintiff's complaint should be dismissed for failure to state a claim against them under § 1983. Defendants claim

that dismissal is appropriate because plaintiff has not specifically alleged how the defendants were directly involved in, or the "cause in fact" of, her injuries. Moreover, defendants argue that plaintiff cannot state a claim because her complaint amounts to "nothing more" than a disagreement with her physician over her course of treatment, which is not actionable under the Eighth Amendment. Finally, defendants contend that *respondeat superior* cannot form the basis of § 1983 liability, and as wardens of the prison they were not directly responsible for her medical care.

These arguments are meritless. The Eighth Circuit Court of Appeals no longer applies heightened pleading requirements for § 1983 claims against individuals. Doe v. Cassel, 403 F.3d 986, 988-89 (8th Cir. 2005). Absent heightened pleading requirements, the standards for dismissal for failure to state a claim are well established. A plaintiff's complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate entitlement to relief." Springdale Education Assoc. v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (holding that a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar

to relief). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must review the complaint in the light most favorable to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. See Conley, 355 U.S. at 45-46. The complaint should not be dismissed "merely because the court doubts that a plaintiff can prove all the necessary factual allegations." Krentz v. Robertson Fire Protection Dist., 228 F.3d 897, 905 (8th Cir. 2000) (quoting Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997)).

Under these standards, plaintiff's complaint states claims against defendants for violations of the Eighth Amendment. Defendants mischaracterize plaintiff's complaint. Plaintiff's complaint does not allege simple medical malpractice or a mere disagreement with her treating physician over the recommended course of treatment for her injuries. Instead, plaintiff contends that defendants were deliberately indifferent to her serious medical needs and denied her necessary medical treatment by refusing to authorize the surgery recommended by her treating prison physician and three specialists. These allegations state an Eighth Amendment claim. The motion to dismiss will be denied.

Defendants also urge dismissal on the ground that *respondent superior*

cannot form the basis for liability in a § 1983 action. While this is a correct statement of the law, it does not mandate their dismissal from this action. Contrary to defendants' assertions, plaintiff's complaint does not impute liability for her physician's actions to the individual defendants based on their positions as wardens. Instead, plaintiff's complaint alleges that these defendants violated her constitutional rights by refusing her the surgery repeatedly requested by her treating physician. These allegations are sufficient to state a claim against the individual defendants under § 1983. See Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). The motion to dismiss for failure to state a claim will be denied.

### III.  Qualified Immunity

Defendants alternatively assert that they are entitled to qualified immunity. "State officials are shielded from § 1983 damage liability if their conduct did not violate clearly established constitutional rights of which a reasonable official would have known." Murphy, 127 F.3d at 755. To establish qualified immunity on a motion to dismiss, the defendants must show that they are entitled to qualified immunity on the face of the complaint. Bradford v. Huckabee, 394 F.3d 1012, 1015 (8th Cir. 2005). The qualified immunity analysis requires a two-step inquiry. The first question, taken in the light most favorable to the party asserting the injury, is whether the facts alleged show that the defendant's conduct violated a constitutional

right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the facts show that the defendant violated a constitutional right, then the second question is whether the right was clearly established at the time of the alleged violation. Id. at 202. In order to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that he is violating the right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Defendants' qualified immunity argument is merely a recasting of their arguments relating to the sufficiency of the complaint. Defendants argue that "[i]n order to overcome state official's defense of qualified immunity, Cain must make specific factual allegations that show how the defendants were the 'cause in fact' of her constitutional injury." In support of this position, defendants cite a number of Eighth Circuit cases requiring plaintiff to allege personal involvement in, or direct responsibility for, action or incidents that injure her. Defendants urge that they are entitled to qualified immunity because plaintiff's complaint "fails to show how [defendants] were involved in, or directly responsible for, the actions which [plaintiff] claims violated her constitutional rights." As I stated above, the Eighth Circuit no longer applies heightened pleading requirements for § 1983 claims against individuals. See Doe, 403 F.3d at 988-89. Plaintiff states Eighth Amendment claims against the individual defendants, and she is not required to

plead additional facts to avoid dismissal based on an assertion of qualified immunity.  See id.  Because defendants assert no additional basis for qualified immunity in this case, their motion to dismiss on this ground will be denied.

### IV. Fourth and Fourteenth Amendment Claims

Plaintiff has not opposed the dismissal of her Fourteenth or Fourth Amendment claims.  Defendants' motion to dismiss plaintiff's equal protection claim will be granted because plaintiff has not alleged that she has been treated differently from similarly situated persons on the basis of a protected class.  Keevan v. Smith, 100 F.3d 644, 648 (8th Cir. 1996).  Plaintiff's due process claim will be dismissed because, as a prison inmate rather than a pretrial detainee, her claim arises under the Eighth Amendment rather than the Fourteenth Amendment.  See Whitley v. Albers, 475 U.S. 312, 327 (1986).  Because plaintiff's complaint contains no allegations that would implicate the Fourth Amendment, defendants' motion to dismiss plaintiff's fourth amendment claim will be granted.

### V. State Law Claims

Finally, defendants ask the Court to decline supplemental jurisdiction over plaintiff's state law claims because plaintiff's § 1983 claims should be dismissed.  Because I am denying defendants' motion to dismiss plaintiff's Eighth Amendment claims, I will continue to exercise supplemental jurisdiction over plaintiff's state law

claims. The motion to dismiss will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#8] is granted only as follows: plaintiff's complaint against defendants Missouri Department of Corrections and Women's Eastern Reception Diagnostic and Correctional Center is dismissed; plaintiff's complaint under the Fourth and Fourteenth Amendments are dismissed. **<u>In all other respects, defendants' motion to dismiss is denied.</u>**

This case will be set for a Rule 16 scheduling conference by separate order entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2006.